All rise, the scorer is now in session. Okay. Please be seated, thank you. Madam Clerk, please call the next case. 3-090718, Heather D. Banks, approved by our follower, Mrs. Misko E. et al., of Talent, Craig Levine. Mr. Levine, you may proceed. Thank you, Your Honor. May it please this honorable court, my name is Craig Levine, I'm an attorney in the Quad Cities. I represent RIPCO, which is an acronym for the Rock Island Brewing Company, in front of you today. This is a review, a refusal on our motion to dismiss, and the review that you have is a de novo review, this is a matter of law, and I think both sides agree that your review is to stand as de novo. This action arises out of a dram shop action, where my client, RIPCO, served what we call a AIP, or Alleged Intoxicated Person. There was a claim that there was a argument over in Rock Island, it continued across the bridge, and resulted in an alleged assault over in Iowa. And as a result of that, the plaintiff has brought a lawsuit in Illinois, and we've moved to dismiss it under the theory that Illinois law applies, and there is no extraterritorial jurisdiction under Illinois dram shop law for injuries occurring outside the state of Illinois. That's the case in a nutshell. I think before we talk about the two specific arguments, though, that we raised in our brief, I think you have to step back a little bit and think about the analytical framework of what brings us here, and the nature of dram shop liability. We know that prior to the 21st Amendment, at least, you could not sell or consume alcohol in the United States. The 21st Amendment allowed a state's authority to control the sale of liquor in its own state. We cited a case in the brief, which is the Brown Formation Distillers Corporation, and in that case, it said, referring to the 21st Amendment, that amendment, therefore, gives New York only the authority to control sales of liquor in New York, and confers no authority to control sales in other states. We believe that the effort to use Iowa law is a use of extraterritorial regulatory control of Iowa law on a resident, an incorporation in Illinois, and someone who is licensed in Illinois. This is not a true tort case. When we think of torts, someone assaults me, someone runs into my car, someone negligently injures me. This is not a classic tort case. What this is, because at common law, we know, there is no liability against a liquor seller for any liability for the sale of liquor. This is entirely statutorily created by the Illinois legislature, and as a result of a comprehensive legislative approach to liability of dram shops or liquor, as a result, we have dram shop or liquor license liability. All liability is as a result of this comprehensive legislative scheme to regulate the sale and service of alcohol in Illinois. It is statutory liability that brings us here today, and it is the statute as passed by the Illinois legislature that we are asking Illinois courts to apply to the person that followed the Illinois regulatory scene. What the plaintiffs want to do is to permit a foreign jurisdiction, in this case, Iowa, to pass extraterritorial regulation. In other words, whatever the Iowa legislature decides and passes, they are asking the Illinois courts to reach over and take Iowa law and the Iowa legislature and apply it to the Illinois dram shop at issue in this case. That's not the tort piece. This isn't the person that committed the assault in Iowa, but this is to substitute the Illinois comprehensive scheme of liability and instead insert the Iowa liability, and we do not believe that is right, either under the choice of law or as a violation of the Commerce Clause. Again, in our supplemental brief, the principle involved in this, this extraterritorial application of another foreign jurisdiction's regulatory efforts into Illinois residents or Illinois corporations was looked at in this case, the Midwest Title Loans case, and it talks about that, generally speaking, the Supreme Court says the Commerce Clause protects against inconsistent legislation arising from the projection of one state regulatory regime into the jurisdiction of another state. And so, that's the, at the outset, I think that's the important thing to focus on. Well, let me ask you, along those lines, too, would you agree with me that the Illinois Dram Shop Act didn't take anything away from everybody. In fact, it gave a cause of action where none existed before that. That's right. So, for example, the case out of the Central District of Illinois, I think it was Judge McDade, said, well, gee, if we don't allow this suit, then they won't have a Dram Shop action against anybody. That's what the Illinois legislature decided. And actually, you know, Justice, this brings up a good point, because there's a little result-oriented, and with all due respect to the federal judges that have looked at these cases, I think there's a little result-oriented, and even here in the Appalachee Street. Well, if we can't sue under Iowa law, we have no remedy. Well, in some respects, because I practice in Iowa and Illinois, the Illinois law is much more liberal than Iowa. Iowa actually has a negligence standard. If I'm the bartender and I serve you liquor, the plaintiff has to prove that I knew or should have known you were intoxicated. So they have to prove negligence against our bartenders. In other words, that we were serving you an obviously intoxicated person. It's a negligence standard. Illinois is different. Most people don't understand this, but Illinois actually has carry-out liability. If you go to the 7-Eleven, buy a six-pack of beer, or a stone sober, but drink that six beer, go out and cross the center line and injure somebody, that 7-Eleven or that packaged liquor store can be sued. You can't do that in Iowa. So in the- But that's either here or there, because the case before us is they're- Right. They're applying out of the grandstand. But the point of that is that this result-oriented argument that the plaintiff will have no recovery if Illinois law applies, there's situations where the Iowa person would have no recovery if Iowa law were to apply. Well, they'd have recovery against the guy that actually beat him up, right? Right, that's the tort feature. That's a tort. That's classic conflict of law analysis. And that's where I think the federal courts and this issue has not been properly addressed up to this point. And that is, I think you can say that Illinois law must apply in this case under two bases. One is a conflict of law. You can find that without reaching the constitutionality of the Commerce Clause violation. I think there is a Commerce Clause violation, but you don't have to reach that. If you look at the conflict of laws analysis, and we all agree that the restatement second of conflict of law applies. And just to cite a couple of the provisions of that, the first one is section six. First paragraph says, a court subject to constitutional restrictions will follow a statutory directive of its own state on choice of law. Well, that's the outset. That's what it says. And then it says when there is no such directive factors relevant, and I'll go through those. Those are A through G. I'll talk about those later. That's one of the provisions, section six. Another important part of the restatement of conflict of laws is section 90. No action will be entertained on a foreign cause of action, the enforcement of which is contrary to the strong public policy of the forum. What has defined the public policy of the forum of the state of Illinois? The Illinois legislature. They've spoken in this area. They've acted in this area. It's a specific comprehensive regulatory effort to control liquor sales by retail outlets in the state of Illinois. There is a strong public policy of Illinois that should be enforced in this case. And that is even specifically allowed under the restatement of the conflict of laws. Now, the one where, again, everything seems, I think, to get off track is when restatement section 145 is looked at. These are the general principles, because that's where everybody looks at, well, where did the injury occur? Once we find out the injury occurred in Iowa, well, then Iowa law must automatically apply. That may be true if it's a classic common law tort, but where it's a statutorily created cause of action. And by the expressed terms, it talks about that. It doesn't talk about personal injury generally, which Judge McDade referred to in his federal decision. It actually says the rights and liabilities of the party with respect to an issue in tort are determined by the local law of the state with respect to that issue that has the most significant relation. And then it talks about the factors, the place where the injury occurred. Well, with all due respect, I don't think you analyze this as a simple conflict of law, common law tort. This is a case where there's legislation in two different states, and the Illinois legislature has already stepped up and spoken comprehensively as to how they think this should be applied. It's actually strict liability, so the standard of proof is less, but because of that, then we have caps, and besides the caps, it also isn't going to apply extraterritorially. Iowa said, we're not gonna have caps. We're gonna apply it extraterritorially, but you know what we're gonna do? We're gonna apply a negligence standard. That's fine. Apply that to Iowa dram shops. Iowa bars, apply Iowa law to Iowa bar, but not Illinois law in either Iowa or Illinois. It's clear that the state of Illinois has a strong public interest to make sure that its legislation is followed, and that's really what we're asking you today. On behalf of Tim Tilka, the owner of Ripco, he operates a Rock Island Brewing Company. He went out and got a property license under the state of Illinois. He has an Illinois liquor license hanging on the wall. It's an Illinois corporation. He did everything pursuant to Illinois. What are we supposed to say now? Turn everything upside down, and suddenly now you have to look in Iowa and license under Iowa, or apply yourself to Iowa law? Well, in fact, they didn't sue him in Iowa because there were no minimum contacts, right? Well, let's go off the, out of sight of the record. We're fighting that. Is that a, is that a? They're sued, they're sued in Iowa. They're sued in Iowa. We fought the minimum contacts. We've taken it to the Supreme Court. They've denied our interlocutory appeal. Doesn't mean we lost the jurisdictional fight. Also doesn't mean that Iowa law will apply, that the Iowa courts will apply Iowa law, especially if we get a good decision from you folks that Illinois law should apply. We're gonna take that and see if Iowa doesn't play fair and apply what we think should be fairly applied. That's why it's significant that we're here. We haven't quite reached that, and, you know, we don't have special appearances, but we contested jurisdiction, and I was very disappointed that on an issue of jurisdiction, an appellate court didn't look at that. So far, that's just a district court, but again, it was denied. The general elements that are looked at in the conflicts of law, and this is section six, is the needs of the interstate system. Well, the needs of the interstate system is that within the state, state law should apply. The relevant policies of the forum. Well, we know the policy of the forum should be to follow the legislative policy that has been passed by elected officials. The relevant policies of interested states. We know Illinois is the interested state in this case, and so Illinois law should apply. Protection of justified expectations. We think about Tim Tilka operating Rock Island Brewing Company thinking, I can be sued here, I'm incorporated here, I really don't have anything to do with Iowa. The fact that a tortfeasor decides to do something here, flee across the bridge, the real wrongful act in this case is actually the sale of the liquor. That's what triggers liability in this case. Not whether there is or is not an injury, but in terms of what did Ripto do wrong? They served alcohol. That's what triggers the so-called wrongful act in this case. The basic policies underlying the law. What better than the state legislature, the Illinois state legislature, to determine the basic policies underlying the law? The need of uniformity. Illinois law applies to Illinois dram shops. Iowa law applies to Iowa dram shops. And the fact that somehow, just because an injury occurred someplace else, that throws up uniformity. That does not create uniformity as far as what business owners and people that incorporate within Illinois have a right to expect. And the ease of foreign law being applied, we know that Illinois judges applying Illinois law would be much easier than Illinois judges trying to figure out what the idiosyncrasies of Iowa law would be. Counsel, that's two minutes. Let's talk shortly about the violation of the Commerce Clause. For jurisdiction, Iowa is applying its statutory scheme to dram liability extraterritorially to regulate conduct of Illinois bar in Illinois. They can apply, Iowa can apply liability to Iowa bars extraterritorially if they decide to do that, but they have to pass a statute regulating their own Iowa bars. Again, the case that we cited was talking about in regard to the Indiana Loan Acts. It states extraterritorial regulation is held to violate the Commerce Clause even though the entities sought to be regulated receive substantial benefits from the regulating state. Just as Indiana's regulation of Illinois lenders furthers local interest, the protection of gullible or necessitorious buyers, it is arbitrary to exalt the public policy of one state over another, and that would be Iowa moving it, or trying to trump the Illinois legislative enactment in this case. In that case, again, the case we cite in our supplement, they talk about an example of gambling, and I would just like to use this an example. Suppose Iowa decides to hold casinos liable to debtors for gamblers that had to take bankruptcy. In other words, gamblers that incurred car debt, house debt, or whatever. Suppose the Iowa legislature decide, well, that's not really right. We're gonna hold casinos liable because the person gambling doesn't have control. Not too far adrift from potentially liquor liability. There's no way that Iowa could reach into and enforce that liability against Illinois casinos, and say that's how we're going to now regulate Illinois casinos, because if an Iowa person goes over and gambles in Illinois, runs up to debt, comes back to Iowa, files bankruptcy, now we're gonna let the creditors sue in Illinois against Illinois casinos when there's a comprehensive statutory scheme regulating gambling. That's a similar example used in that case that we cite in our supplement. Councilor Kline. Thank you, Your Honors. Thank you, Council, for your argument. Mr. Fowler, you may respond. Thank you, Your Honor. May it please the Court, my name is Mark Fowler. I also practice in the Quad Cities. I and my co-counsel, Mr. Wells, represent Heather Banks, who was the victim of the incident at issue. We're here today because of the appeal filed by Mr. Levine. He makes note of the fact that he thinks that there's no remedy in Iowa as well, but he's missing a major point, and we haven't even gotten to the point where we can determine whether there's any remedy in Iowa. The Iowa law should be used because, in the choice of law which has been established by the Illinois Supreme Court, they follow the restatement of choice of law second, and that goes to section 146, which lists off that there is a presumption, a rebuttable presumption, that the choice of law should be the place where the injury occurred. The injury, in this case, took place in Davenport, Iowa. To rebut that presumption, there are four specific factors, where the injury occurred, where the conduct occurred, where each party is from, and where the prior relationship with the parties, if any, existed. In this case, the injury occurred in Davenport, Iowa. The conduct occurred partly in Illinois, and partly in Iowa. Even Mr. Levine noted that the argument started in Illinois and continued over into Iowa, and that's where the injury occurred. So the Iowa residents came into Illinois, got in a beef with somebody walking out  But for the argument in Illinois, do you think there would have been an injury in Iowa? Well, there's two key conditions there. Obviously, Ripco is located in Illinois, but they also advertise in Iowa. They're trying to lure Iowa patrons over to their bar. They're open later than Iowa bars are allowed. They advertise majorly with Iowa papers. They advertise on an Iowa radio. So they're trying to get Iowa patrons. So there is some connection to Iowa for Rock Island Brewing Company, not just that they're located in Illinois. They're actually seeking Iowa patrons, so there is a connection to Iowa for them as well. As far as your but-for argument, it's basically the condition is where the conduct occurred. I'm just saying that the part of the conduct started off in Illinois and it continued into Iowa. So he's trying to make the argument that just a serving of alcohol is the only conduct that occurred. That's not what occurred, because what occurred was that there was an injury that came about because of somebody drinking. That's how the grand shopping is inflicted on someone. Well, but there was also apparently either outside this place or somewhere in Illinois, your client was in with some folks that somehow got into a beef with these people here in Illinois and then it kind of went across the bridge, right? Correct. And that's where it finished up. So it wasn't just that somebody walked out of an Illinois grand shop, drove over to Iowa looking for somebody to beat up. Had a beef with them here in this state, and then it just went across the state line and that's where it ended. Well, I would argue that if it was just an argument, we wouldn't be here today. The argument escalated and it escalated in Iowa. It escalated to the point where somebody took a golf club, smashed out the back window and hurt somebody. Had that action not taken place, which took place in Iowa, there would be no injury to anybody. We wouldn't be here on a grand shop issue. The choice of law, like I said, is established by the Supreme Court. And when you look at those factors, it's clear that Iowa law should be the one that governs or should be the substantive law here. What do you say about the 21st Amendment argument about letting Iowa legislature regulate Illinois saloons? Well, first off, I would make note that I don't believe that Dram Shop actually regulates the sale of alcohol. It is put in place to protect the innocent victims who are injured by actions from people who receive too much alcohol from a place. So I don't see that they're actually regulating the business. The cases that they cite in their briefs all have to do with the regulatory pricing schemes of alcohol being sold elsewhere. And in the examples he gives, it has to do with the regulatory pricing of alcohol. This has nothing to do with that. Dram Shop is the protection of victims. If the Illinois legislature really wanted to protect the tavern owners, they wouldn't have put in any Dram Shop laws at all. Well, it's probably balancing. I mean, balancing tests, some protection for the Dram Shop owners. Because a common law is you couldn't sue them, right? That's correct. Even in Iowa, right? That's correct. So without statutory regulation, without the statute, there was no. So the Illinois Dram Shop didn't take any rights away from potential plaintiffs. It gave them rights that they didn't have at common law. To the plaintiffs, correct. Correct. But as the federal cases that we cite, which are three federal cases, similar circumstances in what we have right here. And in all three instances, the federal judges determined that the Iowa is the right choice of law or the other state is the right choice of law. Well, but their reasoning was, I know Judge McDade's was, I read his opinion and it said, well, gee, if we don't let them use Iowa law, then they can't sue the Dram Shop. And that would just be a horrible thing. Well, the inverse of that is the Illinois law cause for the injury has to occur in Illinois. Likewise, Illinois has reached out and been extraterritorial in their use of the Dram Shop laws. Had it been reversed, had the persons that started in Iowa come over to Illinois, Illinois would have been able to invoke their Dram Shop laws. They've found cases for that. Likewise, there shouldn't be any surprise on Ripko's part that these patrons would come from Iowa. That was stated in the Summer Speedman and Corp case, that there isn't any surprise because they're advertising for those customers and they're right on the state border. They're just a mile away from the state border, which is literally the Mississippi River between them and Davenport. So there isn't any surprise there. And like I said, it is in Burks. The only thing that protects, that they're trying to argue is that the Illinois case Dram Shop law basically says that the injury has to occur in Illinois. So the injury did take place in Iowa, but the choice of law, as laid out by the Supreme Court, should be in Iowa. And as far as the arguments regarding the Commerce Clause, I'd like to point out that, like I said, I don't believe the Dram Shop laws are put in place to protect the tavern owners. They're put in place to protect the innocent victims of these injuries. It does not regulate the sale of alcohol. Liquor licenses are put in place for, there's a liquor commission. You have to apply for a liquor license. They actually regulate the sale of alcohol. No evidence has been provided in the record that shows that the Dram Shop laws affect the sale of alcohol or would provide any effect. In fact, the Dram Shop laws have an incidental effect to the sale of alcohol. And as the Commerce Clause, as the cases have shown, if it's just an incidental effect, it's not an overreaching or a breach of the Commerce Clause. Mr. Levine cited to the Midwest Title Loan in the Mills case. And in the closing paragraph of that case, they ran the distinction that if a firecracker was bought by an Illinoisan in Indiana, it could cause an injury to the purchaser in Illinois. That would allow an Illinois court in a suit by the injured purchaser against the Indiana seller to apply its own law. Saying, well, they wouldn't have to apply statute, but there'd be a common law action, wouldn't there? There would be a common law action. Doesn't what separates this from the others that we're talking about a cause of action that doesn't exist a common law? Well, I would point out that Illinois thinks it's important enough to protect the innocent victims if they actually put in place a Dram Shop law and requires the Illinois tavern owners to own Dram Shop insurance. But the gist of all the arguments in the federal court cases appear to me to be that, gee, the legislature didn't go far enough. They said the place of injury shouldn't have anything to do with it. And that was a legislative decision. They said, we're going to give you something you didn't have a common law, but here's as far as we're going. And isn't that a legislative decision? But this is a choice of law question. And the choice of law question, as determined by the Supreme Court, is clear that the Iowa law should be the one that takes place. The question of what law comes first before looking at the law, at the substantive law? Again, I'd like to point out that in one of the cases, the Healy case, the Healy v. Beer Institute, that they're talking about the Commerce Clause violation. And in that violation there, Connecticut was trying to determine the prices that could be utilized in Connecticut by out-of-state distributors. The Iowa Dram Shop Law is only protecting victims, the innocent victims. It is not determining anything about the sale of alcohol in Illinois or any other state. It's not determining the pricing. It's not determining who you can sell it to. It's not determining how many people you can sell to, how many drinks you can sell to. It's only protecting those victims that are injured.  advertises in Iowa, is trying to lure patrons from Iowa, and this injury occurred in Iowa. The person who was injured is a resident of Iowa. There's enough connections, substantial connections in Iowa, that that should be the choice of law. Anything further? Thank you, Your Honor. Okay, thank you, Mr. Stilett. Mr. Levine, you may reply. Thank you. I would like to look at the four factors that are suggested to be looked at in Section 145. First, where the injury occurred. Where the injury occurred is significant in a tort case where I go and cause direct injury or damage to someone someplace. I'm located there. I either strike them with my car, they slip on my store floor, or I actually assault somebody. There is a direct connection. If you're there in the jurisdiction injuring our people, you should be held liable under our laws. I understand that. And that was the point of my argument from the beginning. This is separated from this because RIBCO did not cross the bridge. RIBCO did not swing the golf club. RIBCO was not in Davenport when this injury occurred. All that RIBCO is, is a creation by the Illinois legislature saying you can be liable for sale in Illinois if the injury occurs in Illinois, but you are not in Iowa committing this damage. So that's why I do not believe that the injury is because there was no direct contact from RIBCO to the plaintiff. Secondly, the conduct causing, where did the conduct causing the injury occur? Well, let's add to that. What about the conduct by RIBCO that caused the injury? Where did that occur? That occurred in Illinois. The only conduct in this case that creates liability on RIBCO's part is conduct that occurred in Illinois. So that's a factor that favors Illinois. What about the location of the parties, the residents or the incorporation of the parties? RIBCO can't move. They're incorporated. Their physical presence stuck in Rock Island. They didn't go across the bridge. The plaintiff can come and go across the bridge as they want. They're in Iowa. They're protected by Iowa law. They're in Illinois. They're protected by Illinois law. People moved. The corporation, the building, and the business did not move. So when you look at where the parties were located, the most significant factor, obviously, is RIBCO could not move, and so the Illinois factor would apply in that case. And finally, the relationship, where is the relationship of a party center? The plaintiff was in RIBCO drinking. There was a fight outside there. RIBCO had nothing to do, had no relationship, with this plaintiff in the state of Iowa. Its only relationship was in Illinois because that's the only place it could act. I don't think this idea that somehow advertisement from RIBCO goes across state lines, first of all, there's nothing in the cases that support that. I think it's just like saying it's okay to drive in Iowa if you're 16, you have to be 18 in Illinois, but the 16-year-old drivers find Illinois interesting so they cross over the bridge, so therefore it should be legal for them just because somebody advertises to have 16-year-olds come over to Illinois. I don't think that that's an argument that it should require Iowa law to be applied in this case. They say that I was not attempting to control the sale of alcohol in Illinois. I strongly dispute that. In Illinois, the cap is approximately $75,000. When I go into business to open up my tavern, I know that if I over-serve somebody and they create a substantial, horrible injury, the most I can be liable for is $75,000. I'm liable that way because basically I'm strictly liable. If I provided the alcohol, that's my financial responsibility. Okay, what's the cost of a drink if the worst injury that could occur is going to be a $75,000 cap? Okay, we can calculate that in. We need this much in order to stay profitable, in order to spread that risk amongst others. All of a sudden, what happens? Iowa passes a statute that says there's unlimited liability. That could be a $5 million loss because I sold, because suddenly Iowa is saying, no, that cap that you're protected for when you apply for your liquor license and incorporate it in Illinois, that cap's not going to apply to you. You should have realized that something could happen in Illinois, or in Iowa, and you could have been sued up to $5 million. The guy says, wait a minute. I was only charging $2 a drink because I didn't realize I had a $5 million liability if that was the case. It's Iowa's effort to control the sale and serving of alcohol in Illinois when Illinois courts decide to allow Iowa, the legislative scheme, to be applied to Illinois draft shops. It's not fair, it's not what expected, and it was totally fortuitous that this injury occurred over there. There was nothing that Ripco did over on that side of the river. And again, the legislators have spoken, they've announced a public policy, they've created a right for plaintiff. If you fit in that right, you can recover. If you can't, then there is not recovery, which is the way it was at Common Law. Thank you. Thank you. Thank you, counsel, both, for your arguments on this matter this afternoon.